IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD E. SCHATZEL, | : | No. 3:04cv1379 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| TERRANCE L. SCHATZEL, | : | |
| A/K/A, D/B/A T. & T. INC, | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for review is the plaintiff's *pro se* complaint. Because it appears that we have no jurisdiction over the matter, we will dismiss the case.

## Background[1]

Plaintiff claims that he entered into a verbal contract with the defendant in 1996 regarding the defendant using and taking care of his backhoe while plaintiff was away at school.

Evidently, the defendant had also loaned money to the plaintiff. In the fall of 2001, the defendant took the backhoe and indicated that it would not be returned until the loan was paid. Plaintiff repaid the loan, but the defendant insisted on additional money, $3,000.00, for maintenance and repair of damage to the backhoe before it would be returned.     In June of 2002, plaintiff went to the premises where defendant was holding the backhoe and found it in a state of disrepair. Subsequently, he initiated the instant action asserting a cause

---

[1]These brief background facts are derived from the plaintiff's complaint. (Doc. 1).

of action for breach of contract. Plaintiff seeks an accounting; repair and restoration of the backhoe; special damages for the conversion of the property; money plaintiff had to pay to rent a backhoe; and punitive damages.

## Discussion

Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert denied sub nom Upp v. Mellon Bank N.A., 510 U.S. 964 (1993). In fact, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999); see generally Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir. 1971) (finding that the federal judiciary has been too cautious in addressing the large number of cases which do not belong in federal courts).

A basic requirement of pleading is that the jurisdiction of a federal court must appear on the face of the complaint. Schultz v. Cally, 528 F.2d 471, 474 (3d Cir. 1975). In the instant case, the plaintiff indicates that he is invoking this Court's jurisdiction pursuant to our federal question jurisdiction. See Civil Cover Sheet. Federal question jurisdiction is provided for in 28 U.S.C. § 1331, which provides that "The district courts shall have

2

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The instant case, however, does not involve any federal law. As set forth, above, the plaintiff is asserting a breach of contract claim. Thus, we do not have federal question jurisdiction.

The only other possible basis of jurisdiction is the diversity statute 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds. . . $75,000.00, . . . and is between . . . citizens of different states."

In the instant case, this section does not apply because the plaintiff and the defendant are citizens of the same state, Pennsylvania. <u>See</u> Civil Cover Sheet (listing the address of the plaintiff as Wilkes-Barre, Pennsylvania and the defendant's address as Wilkes-Barre, Pennsylvania).

Accordingly, because we have no jurisdiction over the instant matter, it will be dismissed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD E. SCHATZEL,                    :        No. 3:04cv1379
                        Plaintiff       :
                                        :        (Judge Munley)
                v.                      :
                                        :
TERRANCE L. SCHATZEL,                   :
A/K/A, D/B/A T. & T. INC,               :
                        Defendant       :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this ⏟10⏟ day of June 2004, the instant case is **DISMISSED** for

lack of jurisdiction.  The plaintiff's petition to proceed *in forma pauperis* (Doc. 2) is

**GRANTED** for the limited purpose of filing of the complaint only.  The Clerk of Court is

directed to close this case.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

4